# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDRICK BANGS KELLOGG,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JULIE WILSON, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 17-cv-01505-BAS-JLB<br><br>**ORDER:**<br><br>**(1) DISMISSING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (ECF No. 11);**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT (ECF No. 13);**<br><br>**AND**<br><br>**(3) DISMISSING WITH LEAVE TO AMEND PLAINTIFF'S FOURTH AMENDED COMPLAINT** |

Presently before the Court is Plaintiff Kendrick Bangs Kellogg's motions for leave to file an amended complaint.[1] (ECF No. 11, 13.) On July 25, 2017, Plaintiff

---

[1] Under Federal Rule of Civil Procedure 15(a)(2), Plaintiff may only file an amended complaint if granted leave by the Court or with the opposing party's written consent. Fed. R. Civ. Pro. 15(a)(2). Because Plaintiff is proceeding pro se, the Court construed Plaintiff's third and fourth amended complaints as motions for leave to file an amended complaint and accepted the motions to be filed on the docket. (*See, e.g.*,

– 1 – 17cv1505

initiated this action, processing pro se. (ECF No. 1.) On August 24, 2017, Plaintiff filed a First Amended Complaint (ECF No. 4.), and on September 11, 2017, Plaintiff filed a Second Amended Complaint (ECF No. 9). Subsequently, Plaintiff filed two motions for leave to file an amended complaint, most recently filing a motion for leave to file a fourth amended complaint on November 28, 2017. (ECF No. 11, 13.) Plaintiff has not served the defendants in this case with any version of the complaint or any motions for leave to amend.

The Court finds these motions suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Plaintiff's motion for leave to file a fourth amended complaint (ECF No. 13), and **DISMISSES** as moot Plaintiff's motion for leave to file a third amended complaint (ECF No. 11). Additionally, the Court **DISMISSES WITH LEAVE TO AMEND** Plaintiff's Fourth Amended Complaint.

## I. MOTIONS FOR LEAVE TO AMEND COMPLAINT

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides a party may amend its complaint only with the opposing party's written consent or the court's leave. "The court should freely give leave when justice so requires," and apply this policy with "extreme liberality." *Id.*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend is not to be granted automatically. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

---

ECF No. 11 (Motion for Leave to File Third Amended Complaint), ECF No. 13 (Motion for Leave to File Fourth Amended Complaint).) In retrospect, pursuant to Rule 15(a)(2), Plaintiff's First and Second Amended Complaints should have also been construed as motions for leave to amend. (*See* ECF Nos. 4, 9.)

The Court considers five factors in assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, absent prejudice, a strong showing of the other factors may support denying leave to amend. *See id.*

After considering the five factor test, the Court grants Plaintiff leave to file the fourth amended complaint. Even though the initial complaint was filed at the end of July, Plaintiff has filed an amended complaint or a motion for leave to file an amended complaint almost every month since July. It is likely that these various amendments and pending motions have contributed to Plaintiff's delay in serving any version of the complaint on the defendants in this case. The Court finds that the defendants will not be prejudiced by the filing of a fourth amended complaint because this case has not moved forward pending these motions and, accordingly, no responsive motions or other proceedings have occurred. The Court also does not find any reason to suspect Plaintiff seeking to amend his complaint for a fourth time is in bad faith. Though Plaintiff has amended his complaint before, the Court finds that permitting the fourth amended complaint at this stage is justified.

## II. DISMISSAL PURSUANT TO RULE 8

Although the Court will allow Plaintiff to amend his complaint for a fourth time, Plaintiff's Fourth Amended Complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8.

A court may dismiss a complaint *sua sponte* that does not comply with Rule 8. *See Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (citing *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).

Federal Rule of Civil Procedure 8(a) requires that a complaint include a short and plain statement of the grounds for this Court's jurisdiction, a short and plain statement of the legal claims being asserted, and a demand for judgment for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3); *see also Bautista v. Los Angeles Cnty*, 216 F.3d 837, 849 (9th Cir. 2000). Rule 8 directs that each allegation to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). When a plaintiff pleads allegations that are "argumentative, prolix, replete with redundancy and largely irrelevant," then a court may properly dismiss the complaint for failing to comply with Rule 8. *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *see also Davis v. Unruh*, 677 F. App'x 456, 456-57 (9th Cir. 2017) (affirming dismissal of an amended complaint that consisted of 159 pages and contained 172 pages of exhibits). While the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

The Court finds that Plaintiff's Fourth Amended Complaint fails to comply with Rule 8's "short and plain statement" requirement, and the Court is unable to determine whether Plaintiff sufficiently stated a claim. Plaintiff's complaint is over ninety pages, including thirty-four single spaced pages of conclusory or confusing allegations starting in the early 1990's and almost sixty pages of exhibits. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming dismissal of plaintiff's complaints that were over seventy pages in length and "confusing, conclusory, and not in compliance with Rule 8"); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.")

Nonetheless, the Court grants Plaintiff leave to file a fifth amended complaint that cures these deficiencies. In his fifth amended complaint, "Plaintiff must succinctly specify who did what, when the events occurred, and how Plaintiff was harmed by the alleged wrongful conduct." *Davis v. San Diego Dist. Attorney*, No. 17-CV-654 JLS (BGS), 2017 WL 2972416, at *2 (S.D. Cal. July 12, 2017). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

### III. CONCLUSION

In light of the foregoing, and exercising its discretion, the Court **GRANTS** Plaintiff's motion for leave to file a fourth amended complaint (ECF No. 13) and **DISMISSES** as moot Plaintiff's motion for leave to file a third amended complaint (ECF No. 11). Accordingly, the Court directs the Clerk of the Court to file ECF No. 13-1 as Plaintiff's Fourth Amended Complaint.

Additionally, the Court **DISMISSES WITH LEAVE TO AMEND** Plaintiff's Fourth Amended Complaint. Plaintiff may file a fifth amended complaint **<u>no later than January 31, 2018</u>**, but the Court cautions Plaintiff that the fifth amended complaint must comply with Federal Rule of Civil Procedure 8. If Plaintiff's allegations are not "simple, concise, and direct," the Court may dismiss Plaintiff's fifth amended complaint without another opportunity to amend. Fed. R. Civ. P. 8(d)(1); *see Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

**IT IS SO ORDERED.**

DATED: December 14, 2017

Hon. Cynthia Bashant
United States District Judge