# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDRICK BANGS KELLOGG,<br><br>                                                   Plaintiff,<br><br>v.<br><br>JULIE WILSON, *et al.*,<br><br>                                                  Defendants. | Case No. 17-cv-01505-BAS-JLB<br><br>**ORDER:**<br><br>**(1) DISMISSING WITH PREJUDICE PLAINTIFF'S FIFTH AMENDED COMPLAINT**<br><br>**AND**<br><br>**(2) DISMISSING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE SIXTH AMENDED COMPLAINT (ECF No. 18)** |

Presently before the Court is Plaintiff Kendrick Bangs Kellogg's Fifth Amended Complaint (ECF No. 16), which the Court granted Kellogg leave to file to cure the deficiencies relating to Rule 8's "short and plain statement" requirement (ECF No. 14). A month after filing the Fifth Amended Complaint, Kellogg filed a Motion for Leave to File a Sixth Amended Complaint. (ECF No. 18.) For the following reasons, the Court **DISMISSES WITH PREJUDICE** the Fifth Amended Complaint, and **DISMISSES AS MOOT** the motion for leave to amend.

## I. BACKGROUND

On March 15, 2016, Kellogg filed an action against Christine Olsen, John Koskinan—Commissioner of the Internal Revenue Service, Patricia Crawford, and the Tax Division of the IRS requesting an order "to return property social security benefits plus interest, summery [sic] judgment." (No. 16-cv-00640-BAS-JLB.) On September 29, 2016, the court granted defendants' motion to dismiss without prejudice. (ECF No. 44 (in 16-cv-640).)

Rather than file an amended complaint, on February 22, 2017, Kellogg filed a new action, an eighty-two-page complaint "for illegal taking of Kellogg's social security plus interest, 4th, 7th 14th rights" again against Christine Olsen and Patricia Crawford, as well as Julie Wilson, Janet Summerfield, Alice Cojerean from the Department of Justice, Lance Williamson, and Gwen Kissel. (No. 17-cv-00353-BAS-JLB.) On July 11, 2017, the Court dismissed this action as frivolous. (ECF No. 17 (in 17-cv-353).)

Two weeks later, on July 25, 2017, Kellogg filed the case at issue (No. 17-cv-01505-BAS-JLB), again against Julie Wilson, Janet Summerfield, Alice Cojerean, Lance Williamson, Gwen Kissel, Christine Olsen. and Patricia Crawford. Since this case has been filed, Kellogg has filed a First Amended Complaint (ECF No. 4), a Second Amended Complaint (ECF No. 9), a Third Amended Complaint (which was construed as a Motion for Leave to File a Third Amended Complaint and subsequently denied) (ECF No. 11), and a Fourth Amended Complaint (which was construed as a Motion for Leave to File a Fourth Amended Complaint and subsequently granted) (ECF Nos. 13, 15). After granting Kellogg leave to file the Fourth Amended Complaint, the Court dismissed with leave to amend the Fourth Amended Complaint because Kellogg failed to comply with Federal Rule of Civil Procedure 8's "short and plain statement" requirement. (ECF No. 14 ("[T]he Court is unable to determine whether Plaintiff sufficiently stated a claim. Plaintiff's complaint is over ninety pages, including thirty-four single spaced pages of

conclusory or confusing allegations starting in the early 1990's and almost sixty pages of exhibits.") In that Order, the Court permitted Kellogg to file a fifth amended complaint, but cautioned Kellogg that if the amended complaint did not comply with Rule 8, and include allegations that are "simple, concise, and direct," that the Court may dismiss Kellogg's amended complaint without leave to amend. (*Id.* at 5 (citing *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]")).) The Court gave Kellogg over six weeks to amend and file his fifth amended complaint. (ECF No. 14 at 5.)

On January 2, 2018, Kellogg filed a Fifth Amended Complaint (ECF No. 16), and then, a month later, filed a Sixth Amended Complaint, which was construed as a motion for leave to file an amended complaint (ECF No. 18). The proposed seventy-five-page Fifth Amended Complaint appears to contain the same rambling, unintelligible allegations that were contained in the Fourth (and proposed Sixth) Amended Complaints, as well as the complaint in case number 17-cv-00353-BAS-JLB.

## II. ANALYSIS

A court may dismiss a complaint *sua sponte* that does not comply with Rule 8. *See Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (citing *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). Federal Rule of Civil Procedure 8(a) requires that a complaint include a short and plain statement of the grounds for this Court's jurisdiction, a short and plain statement of the legal claims being asserted, and a demand for judgment for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3); *see also Bautista v. Los Angeles Cnty*, 216 F.3d 837, 849 (9th Cir. 2000). Rule 8 directs that each allegation to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). When a plaintiff pleads allegations that are "argumentative, prolix, replete with redundancy and largely irrelevant," then a court may properly

dismiss the complaint for failing to comply with Rule 8. *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *see also Davis v. Unruh*, 677 F. App'x 456, 456-57 (9th Cir. 2017) (affirming dismissal of an amended complaint that consisted of 159 pages and contained 172 pages of exhibits). While the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a)." *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008) (citing *Nevijel*, 651 F.2d at 673).

Similar to the Fourth Amended Complaint, the Fifth Amended Complaint is seventy-five pages in length, containing twenty-four pages of single-spaced conclusory or confusing allegations starting in the early 1990's with over fifty pages of exhibits. (ECF No. 16.) Upon review of the Sixth Amended Complaint, it appears to contain the substantially same allegations and exhibits as the previous complaint. (ECF No. 18.) Thus, the Court finds that Kellogg's Fifth Amended Complaint fails to comply with Rule 8's "short and plain statement" requirement, and the Court is unable to determine whether Plaintiff sufficiently stated a claim. Kellogg has yet again failed to comply with the requirements of Rule 8, as well as this Court's Order. Fed. R. Civ. Pro. 8; (ECF No. 14 at 5.)

Even though dismissing a complaint without leave to amend is a harsh remedy, the remedy is appropriate here where the Court has given Kellogg multiple opportunities and sufficient time to bring a cognizable claim. *See Nevijel*, 651 F.2d at 673-74 (stating that less drastic alternatives to dismissal include allowing further amended complaints and additional time); *c.f. Hearns*, 530 F.3d at 1127 (finding

dismissal with prejudice was not appropriate because, though the complaint was long, it was "coherent, well-organized, and stated legally viable claims"). As detailed above, this action is the third case Kellogg has brought in this Court on the same or similar conclusory or confusing allegations, and Kellogg has attempted to file six amended complaints in this instant action. Moreover, after dismissing the Fourth Amended Complaint for failing to state a claim pursuant to Rule 8, the Court explained to Kellogg what was deficient about his earlier complaint, and clearly warned him that his complaint may be dismissed without leave to amend if he failed to correct these deficiencies. (ECF No. 14 at 4-5.) The Court also granted Kellogg over six weeks to amend his complaint to ensure that he had sufficient time to make the necessary changes. Instead of complying with the Court's order and Rule 8, Kellogg refiled the practically same deficient complaint (ECF No. 17), and then again attempted to file another amended complaint without leave from the Court. (ECF No. 18 (construing Kellogg's Sixth Amended Complaint as a motion for leave to amend instead of accepting the as-filed Sixth Amended Complaint).) Given these aggravated circumstances, dismissing the Fifth Amended Complaint with prejudice and without leave to amend is appropriate. *See Nevijel*, 651 F.2d at 674; Fed. R. Civ. Pro. 41(b).

### III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** Kellogg's Fifth Amended Complaint. Kellogg may not file any additional complaints in this case. Accordingly, the Court **DISMISSES AS MOOT** Plaintiff's Motion for Leave to File a Sixth Amended Complaint. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

**DATED: February 21, 2018**

Hon. Cynthia Bashant
United States District Judge